THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARCO VERCH,** | **Case No.** |
| **Plaintiff,** | **JUDGE** |
| v. | |
| **EMINENT OILFIELD SERVICES, LLC,** | **MAGISTRATE JUDGE** |
| **Defendant.** | |

## COMPLAINT

Plaintiff Marco Verch ("Plaintiff") sues defendant Eminent Oilfield Services, LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of Germany.

2. Defendant is a limited liability company organized and existing under the laws of the State of Louisiana with its principal place of business located at 1244 Wall Road, Broussard, LA 70518. Defendant's agent for service of process is Daniel R. Ladd, 1389 Main Hwy, Arnaudville, LA 70512.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district.  "It is well established that, for purposes of Section 1400(a), a defendant 'may be found' in any district in which it is subject to personal jurisdiction." Isbell v. DM Records, Inc., No. 3:02-CV-1408-G, 2004 U.S. Dist. LEXIS 10394, at *41 (N.D. Tex. June 4, 2004) ("Because the court has determined that it has personal jurisdiction over DM, DM 'may be found' in this district and venue is therefore proper.").

**FACTS**

**I.    Plaintiff's Business and History**

1.      On October 4, 2018, Plaintiff and Liliya Krivorychko entered into a written contract whereby Ms. Krivorychko granted Plaintiff the exclusive and transferable right to comprehensively exploit Ms. Krivorychko's photographs without any limitation in terms of space, time, and/or content.  The October 4, 2018 agreement likewise granted Plaintiff the right of reproduction, processing and exhibition, the right of presentation, performance and demonstration, and the right to make such photographs accessible to the public.

2.      On February 25, 2020, Plaintiff and Ms. Krivorychko entered into a First Amendment to the October 4, 2018 agreement, retroactive to the date of the original agreement. Whereas the original agreement granted certain exclusive rights, the First Amendment provides that Ms. Krivorychko transferred sole and exclusive ownership of the photographs at issue and the copyrights therein, with Plaintiff now owning the exclusive right to copy, reproduce, distribute, perform, exhibit, transmit, store, broadcast, display, license or otherwise display such photographs, including the work at issue in this lawsuit.

2

**II.     The Work at Issue in this Lawsuit**

3.     In 2019, Ms. Krivorychko created a professional photograph (titled "Frame-of-bright-colorful-autumn-leaves-on-a-white-wooden-background" (the "<u>Work</u>"). A copy of the Work is displayed below:



4.     The Work was registered by Plaintiff with the Register of Copyrights on July 27, 2020 and was assigned Registration No. VA 2-214-871. A true and correct copy of the registration from the US Copyright Office is attached hereto as **<u>Exhibit "A."</u>**

5.     Plaintiff is the owner of the Work (by virtue of the First Amendment) and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

6. Defendant is an oilfield service company which provides a wide range of oil and gas services and equipment including gravel packing and conventional completions.

7. Defendant advertises/markets its business through its website (at https://eminentoilfieldservices.com/), social media (e.g. https://www.facebook.com/eminentoiltools/), and other forms of advertising.

8. On November 25, 2021 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media (at https://www.facebook.com/eminentoiltools/photos/4398100290288489):



9. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

10. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, and/or social media – even though the Work that was copied is clearly

professional photography that would put Defendant on notice that the Work was not intended for public use.

11. Defendant utilized the Work for commercial use.

12. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

13. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on or around March 19, 2022.  Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

14. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

15. Plaintiff re-alleges and incorporates paragraphs 1 through 14 as set forth above.

16. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

17. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

18. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, and/or social media.

19. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

20. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

21. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

22. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

23. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

24. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

25. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

26. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: _March 12, 2025._                    /s/ John E.W. Baay II_____
                                                             John E.W. Baay II  (LA#22928)
LABORDE SIEGEL, LLC
701 Poydras Street
Suite 4800
New Orleans, LA 70139
Telephone: 504.561.0400
Facsimile: 504-561-1011
Email: jbaay@LabordeSiegel.com
Attorney for Plaintiff